William O. Hecht, Jr., J.
This is an 'application by landlords to review an order of the State Bent Administrator which is claimed to have granted petitioners an inadequate increase in rents.
Petitioners’ prime complaint is that the commission computed the 6% return upon the price of $700,000, which petitioners paid for the property on June 25,1954, rather than upon the assessed valuation of $800,000 and a higher appraised value claimed by them. The emergency housing rent control laws, however, expressly authorize the commission to determine the value of the property at a figure other than the assessed valuation “ where there has been a bona fide sale of the property within the period between March 15,1951, and the time of the application ’ ’.
As I pointed out in Matter of Kaufman v. Abrams (N. Y. L. J., May 2, 1955, p. 8, col. 6): Whenever the Administrator has, in his discretion, adopted a bona fide sale of the property, he has been upheld. No satisfactory reason is advanced for setting *144 aside, as arbitrary, the respondent’s computation of the 6% return upon the amount which the petitioners themselves paid for the property. The fact that prior to the sale of the property to petitioners, an earlier rent increase, sought by the then landlord, had been computed on the basis of the assessed valuation of the property does not give petitioners and future landlords a vested right to have subsequent applications for rent increases computed on the basis of assessed valuations in the face of lower sales prices. There is no provision in the statute guaranteeing each purchaser that he will make as much money on the property as did his predecessor.
The respondent concedes, however, that the brokerage fee of $10,000, paid by petitioners should have been treated as part of the purchase price and asks that this proceeding be remitted to the commission solely for a recalculation of rents on the basis of the corrected price of $710,000. This will be done.
Petitioners urge that the substantial rent concessions granted to the president of the corporate seller and his relatives should also be used to augment the purchase price. They point out that in computing the present return from the property the commission has taken the ceiling rents of the apartments involved, instead of the much lower actual rents received under the lease of those apartments. In the court’s opinion, it is unjust to petitioners to refuse to increase the price paid by the value or the amount of the concessions and at the same time compute the landlord’s return upon the basis of the rents which should have been received rather, than those which the landlords have obligated themselves to accept. If the concessions had been voluntarily granted by petitioners, the view of the commission that it cannot consider these ‘1 personal transactions ’ ’ would he eminently sound. It is clear, however, that the petitioners were obliged to grant the concessions in order to be able to purchase the property at $710,000 instead of at some higher figure. In the circumstances the court is of the opinion that: (1) either the figure used as the sales price of the property should include an appropriate allowance, to be determined by the commission, for the concessions of rent which petitioners were compelled to grant in order to be able to purchase the property for $700,000 and brokerage commissions, or (2) the actual rents received from the amounts in question, rather than their ceiling rents, should be used in computing the landlord’s present return from the property. It is for the commission to determine which of these methods should be used in dealing with the concession lease, and what adjustment, if any, is to be made in the price to take account of the concessions.
*145 The attack upon the respondent’s failure to allow attorney’s fees of $2,400 appears to be without merit, particularly in view of the contractual provision that the seller was to defend attacks upon the rent increases involved.
The commission’s use of a valuation (for the purpose of computing current taxes) of $20,000 less than the assessed valuation is expressly authorized by the supplement to Advisory Bulletin No. 7, issued by the Administrator and effective June 1, 1955. The rule promulgated in said supplement does not appear to be unreasonable, capricious or arbitrary.
The depreciation allowance will have to be recomputed under the remission, on the basis of the higher value of the building resulting from adding the brokerage fee to the purchase price and perhaps, also, from the concessions. The 2% is to be computed upon that portion of the adjusted price which the assessed value of the building bears to the assessed value of the building and land.
The attack upon the allocation of the rent increase to uncontrolled business space is also without merit. The memorandum submitted by respondent states that petitioners’ argument is based upon a false factual premise, namely, the use of $400 per month as the rental of apartment 1-A, rather than $330 per month, the figure appearing in the commission’s records. The reply memorandum submitted by petitioners makes no attempt to answer this statement.
The motion is accordingly granted to the extent of remitting the matter to the commission solely for the limited purposes indicated in this opinion. In other respects the motion is denied.